**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                                                          **Case No. 06-20172-JWL**

**TIMOTHY JOE JAMES,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

The indictment in this case charges defendant Timothy Joe James with being a felon in possession of firearms and ammunition. This matter is before the court on defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. #36), which the court construes as a motion to reconsider the court's Memorandum and Order dated April 11, 2007, in which the court denied defendant's Motion to Suppress Evidence. For the reasons explained below, defendant's motion to reconsider is granted in part and denied in part inasmuch as the court recognizes that the car stop was not justified because Officer McKinley believed the vehicle's driver was wanted for a felony, but rather it was justified based on his reasonable suspicion that the driver had an outstanding warrant for his arrest.

Federal courts recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75 (1964). *See United States v. Dieter*, 429 U.S. 6, 8 n.3 (1976) (noting the Court's decision in *Healy* was grounded in "traditional and

virtually unquestioned practice"). Where such a motion asks the court to reconsider a dispositive ruling, the court treats it essentially as a motion to alter or amend a judgment in the civil context under Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Anderson*, 85 F. Supp. 2d 1084, 1109 (D. Kan. 1999). Such a motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised previously. *Id.*

The genesis of defendant's motion to reconsider is his original argument that the car stop was not justified at its inception because Brian Schneider was wanted for a mere completed misdemeanor, not a felony. The court rejected that argument, reasoning that defendant would be correct if Officer McKinley's sole motivation for the stop had been the worthless check incident, but that "Officer McKinley testified that his motivation for the stop was twofold: 'the worthless check matter and the felony warrant service.'" Mem. & Order (doc. #34), at 7 (quoting Officer McKinley's testimony). The court thus concluded that defendant's argument was without merit because Officer McKinley had "reasonable suspicion, grounded in specific and articulable facts, that the driver of the vehicle, who he believed might very well be Mr. Schneider, was wanted for a felony." *Id.* at 8. Defendant now seeks reconsideration on the grounds that the undisputed evidence at the suppression

hearing was that Mr. Schneider had a felony parole violation warrant only, not a warrant for a new felony offense. Defendant contends that under Kansas law a parole violation is not a felony offense which justifies a *Terry* stop and detention, citing *State v. Anderson*, 34 Kan. App. 2d 375, 395, 119 P.3d 1171, 1184 (2005), *aff'd*, 136 P.3d 406, 281 Kan. 896 (2006).

In response, the government contends, first, that it does not concur with the court's holding or reliance on *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007), for the proposition that an investigative stop of a vehicle may be made where police have reasonable suspicion of a completed felony, though not of a mere completed misdemeanor. The government, however, did not move for reconsideration of the court's Memorandum and Order. Consequently, the court will not address this argument.

After careful consideration of the argument raised in defendant's motion to reconsider, the court realizes that it erroneously construed Officer McKinley's testimony that Mr. Schneider was wanted on a "felony warrant" to mean that Mr. Schneider was wanted for a felony. Under Kansas law, a parole violation is not a felony. *See State v. Sullivan*, 17 Kan. App. 2d 771, 773, 844 P.2d 741, 743 (1993). Therefore, the court erred in concluding that the investigative stop was justified based on reasonable suspicion that the driver was wanted for a felony. Nonetheless, the critical testimony at the suppression hearing which the court relied on as justification for the stop was Officer McKinley's testimony that his motivation for the stop was the worthless check matter and the felony *warrant* service. The investigative stop was still justified based on reasonable suspicion that the driver had a warrant for his arrest.

In this respect, defendant's reliance on *Anderson* is misplaced. In *Anderson*, the state had argued that the officers had probable cause to detain the defendant for a suspected parole violation. The critical statutory language at issue in *Anderson* was that "[a]ny parole officer may arrest such released inmate without a warrant, or may deputize any other officer with power of arrest to do so by giving such officer a written arrest and detain order." K.S.A. § 75-5217(a) (Supp. 2006). In *Anderson*, the detention, which was not by a parole officer, was unlawful in the absence of a written arrest and detain order. Unlike *Anderson*, in this case there was more than a mere arrest and detain order; there was an outstanding warrant for Mr. Schneider's arrest. As such, Mr. Schneider's arrest was authorized by a different statutory scheme than the one at issue in *Anderson*. The Kansas Secretary of Corrections is authorized to issue a warrant for the arrest of a released inmate for violating his or her conditions of release. *Id.* "The warrant shall authorize any law enforcement officer to arrest . . . the released inmate . . . ." *Id.*; *see also id.* § 75-5217(g) ("Law enforcement officers shall execute warrants issued by the secretary of corrections pursuant to subsection (a) . . . .").

Given the critical distinction that Mr. Schneider had an outstanding parole violation warrant for his arrest, then, the initial stop of the vehicle was constitutionally justified because, for reasons explained in the court's prior Memorandum and Order, Officer McKinley had reasonable suspicion to believe that Mr. Schneider was driving the vehicle. *See United States v. Tellez*, 11 F.3d 530, 532-33 (5th Cir. 1993) (officer had reasonable suspicion to stop vehicle on the basis of an outstanding warrant for the arrest of a known parole violator who had been seen in a truck that matched the description of the vehicle, even

4

though the officer could see that the driver was not the parole violator, because he was entitled to investigate whether the parole violator who was the subject of an arrest warrant was one of the unidentifiable passengers in the truck); *cf. United States v. Pelletier*, 469 F.3d 194, 200 (1st Cir. 2006) (parole violation warrant provided officers with authority to enter motel room).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. #36) is granted in part and denied in part. The court amends its Memorandum and Order (doc. #34) to hold that the car stop was justified based on reasonable suspicion that the vehicle's driver was wanted on an outstanding parole violation warrant.

**IT IS SO ORDERED** this 30th day of April, 2007.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge