# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                           Case No. 06-20172-JWL
                                                                                                              15-9479-JWL

**Timothy Joe James,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2007, defendant Timothy Joe James pled guilty to the offense of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) determined that Mr. James was eligible for sentencing under the Armed Career Criminal Act (ACCA), which authorizes an enhanced penalty for a person who violates § 922(g) and has three previous convictions for crimes that meet the definition of a "violent felony." *See* 18 U.S.C. § 924(e). Specifically, the PSR determined that Mr. James, in 1983, pled guilty to three separate counts of second-degree burglary under Missouri law. At sentencing, the court overruled Mr. James' objections relating to the application of the ACCA and imposed the ACCA's mandatory minimum 15-year sentence.[1]

This matter is now before the court on Mr. James' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Mr. James contends that, in

---

[1] Mr. James argued that his burglary convictions were not committed on "occasions different from one another" as required by the ACCA. The court overruled that objection and the Tenth Circuit affirmed that ruling. *United States v. James*, 303 Fed. Appx. 632, 638-39 (10th Cir. 2008).

light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), his burglary convictions no longer qualify as violent felonies for purposes of the ACCA and the court must vacate his sentence. As will be explained, the motion is granted.

*Procedural Posture of Mr. James' Case*

In his motion, Mr. James concedes that his conviction became final sometime in 2009 after the Supreme Court denied his petition for writ of certiorari. Nonetheless, he asserts that the one-year statute of limitations for habeas petitions does not bar this initial § 2255 motion because the motion is timely filed pursuant to § 2255(f)(3), which provides that the one-year statute of limitation period may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Tenth Circuit has already determined that the Johnson case recognized a new constitutional right. *In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015).[2] Neither the Supreme Court nor the Tenth Circuit has yet determined whether Johnson applies retroactively on collateral review, but the Supreme Court has granted a petition for writ of certiorari on that issue and recently heard argument in the case. *Welch v. United States*, No. 15-6416, 2016 WL 90594 (Jan. 8, 2016). Mr. James urges the court to decide that Johnson is retroactive and it appears that the court is authorized to make that determination. *See Browning v. United States*,

---

[2] While the Circuit held that *Johnson* announced a "new rule of constitutional law" for purposes of § 2255(h)(2), the Circuit's analysis is the same in determining whether a case announces a "right that has been newly recognized" for purposes of § 2255(f)(3). *See United States v. Sheridan*, 561 Fed. Appx. 689, 691 (10th Cir. 2014).

2

241 F.3d 1262, 1264 (10th Cir. 2011) (suggesting that lower courts are authorized to make retroactivity decisions on initial habeas applications but only Supreme Court can make that determination for purposes of successive petitions).

The court declines to render a decision about whether *Johnson* is retroactive to cases on collateral review because the government has expressly waived non-retroactivity as a defense and any defense based on the statute of limitations. *See United States v. McColley*, 2016 WL 1156520, at *2 (W.D. Pa. Mar. 24, 2016) (accepting government's waiver of retroactivity argument); *Hardman v. United States*, ___ F. Supp. 3d ___, 2016 WL 878505, at *2 & n.1 (W.D. Mo. Mar. 7, 2016) (moving directly to substance of defendant's claim where government conceded that Johnson applies retroactively);; *Brascomb v. United States*, 2015 WL 7300512, at *2 (M.D. Ala. Nov. 18, 2015) (government's waiver of limitations defense under 2255(f)(3) removes from the court's consideration the issue of whether a Supreme Court decision applies retroactively); *United States v. Miller*, 2014 WL 4693689, at *6 (E.D. Ky. Aug. 28, 2014) (concluding that government's deliberate waiver of nonretroactivity as a defense was "binding" on the court); *United States v. Imm*, 2014 WL 6774072, at *2 (W.D. Pa. Dec. 1, 2014) (honoring government's affirmative waiver of retroactivity argument despite overwhelming weight of authority interpreting decision as nonretroactive); *Thomas v. United States*, 2014 WL 1477892, at *2 n.2 (S.D. Ill. Apr. 15, 2014) (government's waiver of retroactivity under § 2255(f)(3) removes the issue from the case and court could not consider it); *United States v. Morrison*, 2013 WL 3517333, at *2 n.3 (W.D. Va. July 11, 2013) (finding that § 2255(f)(3) "does not apply, in light of the government's waiver"). For purposes of this particular case, then, the court

may proceed directly to the merits of Mr. James' claim without regard to the retroactivity requirement set forth in § 2255(f)(3).

*Pertinent Statutory Framework of the ACCA*

The ACCA dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e). Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized language is commonly referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing Johnson, 135 S. Ct. at 2556). In *Johnson*, the Supreme Court held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague. *Id* (citing *Johnson*, 135 S. Ct. at 2557, 2563).

Mr. James asserts that his three prior convictions for burglary under Missouri law qualify as violent felonies only under the ACCA residual clause. The government, in response to Mr. James' motion, contends that Mr. James' convictions nonetheless qualify for the ACCA enhancement because the surviving definition of "violent felony" under the ACCA includes a

4

felony conviction for "burglary" as one of four enumerated offenses. *See id*. at 1145 n.2. "Burglary" is not defined in the ACCA, but the Supreme Court has construed the term to mean "generic burglary"—an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

*Missouri's Second-Degree Burglary Statute*

If the definition of "burglary" in the Missouri statute under which Mr. James was convicted substantially corresponds to the "generic" definition of burglary, then Mr. James' convictions undoubtedly qualify as violent felonies under the ACCA's enumerated offenses clause. *United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015) (under the "categorical approach," the court looks only at the elements of the statute of conviction when that statute's definition of burglary fits the generic definition of burglary). But if the Missouri statute encompasses a broad array of conduct, some of which would trigger the enhancement and some of which would not, the court must apply the "modified categorical approach," looking to "reliable judicial records to determine whether a predicate conviction was based on conduct triggering the enhancement." *United States v. Dominguez-Rodriguez*, ___ F.3d ___, 2016 WL 1258400, at *4 (10th Cir. Mar. 31, 2016) (citations and quotations omitted).

The record in this case demonstrates that Mr. James pled guilty to three separate counts of an amended complaint charging that he committed burglary in the second degree in violation of Missouri Revised Statutes § 569.170. At the time of his convictions in 1983, that statute provided that a person commits second-degree burglary "when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of

5

committing a crime therein." V.A.M.S. § 569.170.[3] The phrase "inhabitable structure," in turn, was defined to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure" where people live, conduct business, assemble or stay overnight. V.A.M.S. § 569.010(2).[4]

*Application of the Categorical Approach*

The Eighth Circuit has held that the basic elements of Missouri's second-degree burglary statute are "the same" as those of the generic burglary offense such that a conviction under the Missouri statute qualifies, as a categorical matter, as a violent felony under the ACCA. *See United States v. Olsson*, 742 F.3d 855, 856 (8th Cir. 2014). In *Olsson*, however, the Eighth Circuit never addressed the broad definition of "inhabitable structure" found in V.A.M.S. § 569.010(2) and restricted its review to the language of § 569.170. Because a reading of those provisions together reflects that the Missouri statute defines burglary more broadly than generic burglary, the court is not persuaded by the *Olsson* decision. Moreover, in other decisions, the Eighth Circuit has acknowledged that the Missouri burglary statute is broader than generic burglary as defined in *Taylor*. *See United States v. Owens*, 596 F.3d 430, 431 n.2 (8th Cir. 2010); *United States v. Bell*, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (burglary under Missouri statute is "broadly defined" to include ships, airplanes and vehicles but PSR revealed that defendant was convicted of entering a building). In any event, the court believes that the Tenth

---

[3] This statute was passed in 1979 and has remained unchanged since that time. Minor changes to the statute go into effect on January 1, 2017.
[4] Effective January 1, 2017, the statute will no longer define "inhabitable structure" in any respect.

Circuit would reject *Olsson*'s application of the categorical approach in favor of applying the modified categorical approach.

As indicated above, the Missouri statute defines an "inhabitable structure" to include moveable structures such as ships, airplanes, trailers and "other vehicles." V.A.M.S. § 569.010(2). The Tenth Circuit has addressed New Mexico's burglary statute, which prohibits burglary of both moveable and immovable structures, and held that the statute contained a non-generic definition of burglary requiring application of the modified categorical approach to determine the character of the defendant's burglary conviction. *See United States v. Ramon Silva*, 608 F.3d 663, 665-66 (10th Cir. 2010). Similarly, the Tenth Circuit applied the modified categorical approach in a case where the defendant had been convicted of burglary under Oklahoma's burglary statute, which included actions such as breaking and entering into automobiles, trailers and railroad cars. *See United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995). Because the Oklahoma statute defined burglary more broadly than *Taylor*, the Tenth Circuit looked beyond the elements of the crime under the modified categorical approach. See id. at 1154-55. Because the Missouri statute, like the statutes in New Mexico and Oklahoma, defines burglary to include moveable structures such as automobiles and trailers, the court is convinced that the Tenth Circuit would conclude that the definition of burglary in the Missouri statute is broader than that supplied by the Supreme Court in *Taylor* such that Mr. James' convictions under the Missouri statute cannot, as a categorical matter, provide a basis for enhancement under the ACCA. *See Hardman*, 2016 WL 878505, at *2-3 (burglary under V.A.M.S. § 569.170 does not qualify as generic burglary); *United States v. Eskridge*, 2013 WL 6511871, at *5 (D. Kan. Dec. 12, 2013) (V.A.M.S. § 569.170 is non-generic burglary statute).

*Application of the Modified Categorical Approach*

As indicated above, the Missouri second-degree burglary statute includes entry into a building (which would trigger the enhancement) as well as an automobile or trailer (which would not trigger the enhancement). *See* V.A.M.S. §§ 569.170; 569.010(2). Because Mr. James' burglary convictions arose from a guilty plea, the court asks "whether the plea of guilty to burglary defined by [the] nongeneric statute necessarily admitted the elements of the generic offense." *Ridens*, 792 F.3d at 1272. In resolving that question, the court is permitted to examine certain documents including "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable juridical record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). It is the government's burden to prove by a preponderance of the evidence that an enhancement under the ACCA is appropriate. *See United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012).[5]

---

[5] Mr. James contends that the court may not use the modified categorical approach because the Missouri statute is not "divisible." Indeed, the modified categorical approach applies only when a statute is divisible—that is, the statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The approach does not apply when the statue is overbroad, *id*. at 2292, and, according to Mr. James, the Missouri statute is overbroad because a jury could not have to agree unanimously on which type of structure he entered in order to convict him. In light of the court's conclusion that Mr. James is entitled to relief under the modified categorical approach, the court need not reach this argument, though it believes that the Circuit would reject the argument. *See United States v. Ventura-Perez*, 666 F.3d 670, 674-75 (10th Cir. 2012)

In an effort to prove that Mr. James' convictions qualify as generic burglary for purposes of the ACCA, the government submits only the state court amended complaint. According to the government, the amended complaint on its face narrows the charge to generic burglary and demonstrates that Mr. James entered a building. *See Ridens*, 792 F.3d at 1272-73 (if the defendant pled guilty to a charging document that narrows the charge to the generic limit, the court looks no further and the conviction is a generic burglary conviction). Count II of the amended complaint, in pertinent part, states that Mr. James "knowingly entered unlawfully in an inhabitable structure located at [street address omitted], Cape Girardeau, Missouri, and owned by [R.B.], for the purpose of committing stealing therein." Count IV of the amended complaint states that Mr. James "knowingly entered unlawfully in an inhabitable structure located at Hickory Hollow Trailer Court, Route 2 [box number omitted], Cape Girardeau, Missouri, and owned by [B.B.], for the purpose of committing stealing therein." Finally, Count V of the amended complaint states that Mr. James "knowingly entered unlawfully in an inhabitable structure located at [street address omitted] in the City of Cape Girardeau, Missouri, and owned by [D.S.], for the purpose of committing stealing therein."

It is undisputed, then, that the amended complaint identifies the specific inhabitable structure only through a street address or the "box number" at what the court presumes is a trailer park. The government contends that the use of a physical street address "clearly" demonstrates that the structure was a building because a trailer or other vehicle would "obviously" not have a street address.[6] The government directs the court to no cases supporting

---

[6] This argument seems to ignore the fact that at least one of Mr. James' convictions appears to stem from a burglary at a trailer park with no street address.

9

this argument. Mr. James, on the other hand, directs the court to a Ninth Circuit decision holding that a street address, standing alone, is not sufficient to establish that the defendant entered a building rather than a vehicle. In *United States v. Terrell*, 693 F.3d 1084 (9th Cir. 2010), the Ninth Circuit examined a Missouri burglary conviction under V.A.M.S. § 569.170 and a corresponding charging document that reads like the one here—it stated that the defendant unlawfully entered an "inhabitable structure" located at a specific street address. *See id*. at 1092-93. The Circuit held that the charging document did not demonstrate that the defendant was necessarily convicted of burglary of an unmovable structure and, accordingly, that the defendant's burglary conviction did not fit within the ACCA's enumerated offenses. *Id*. at 1093; *see also United States v. Mayer*, ___ F. Supp. 3d ___, 2016 WL 520967, at *12 n.14 (D. Or. Feb. 5, 2016) (recognizing that a street address alone does not necessarily indicate whether the structure was a "building rather than, for example, a vehicle adapted for overnight accommodation located at that address").

Recently, Judge Kays of the Western District of Missouri held that an information identifying a physical street address did not reasonably permit the inference that the defendant burglarized a house or any other non-vehicular, enclosed space. *Hardman v. United States*, ___ F. Supp. 3d ___, 2016 WL 878505, at *4 (W.D. Mo. Mar. 7, 2016). In *Hardman*, the court held that, after the *Johnson* decision, the defendant's burglary conviction under V.A.M.S. § 569.170 no longer subjected the defendant to the ACCA enhancement. *Id*. at *1. Applying the modified categorical approach, the court examined the criminal information to determine whether the defendant was convicted of generic burglary. *Id*. at *3-4. The information charged that the defendant "knowingly entered unlawfully in an inhabitable structure, located at 2615 Jackson

10

Avenue, and owned by Daniel Salinas for the purpose of committing Stealing therein." *Id*. at \*4. The information, then, mirrors the language of the amended complaint in Mr. James' state court case.

The court first looked at the information's use of the phrase "inhabitable structure" and easily concluded that the phrase did not establish that the defendant entered a building but merely implied that the defendant entered an "inhabitable structure" as defined in the statutes such that the phrase included vehicles and other movable structures. *See id*. The court also rejected the government's argument that the physical street address in the information necessarily demonstrated that the defendant entered a building as opposed to a moveable structure such as an automobile:

> That inference is not as irresistible as the Government thinks. Sure, the information probably did not mean to suggest that Hardman burglarized an airplane parked at 2615 Jackson Avenue. But what about other vehicles? Mobile homes can have street addresses, so the information plausibly could be referring to a mobile home or other movable housing. Alternatively, the "inhabitable structure" in the indictment could mean an automobile, since there are few better ways to concisely convey an automobile's location than its nearest street address.

*Id*. In support of that conclusion, Judge Kays looked to the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 26 (2005). The sentencing court in *Shepard* had concluded that the defendant's prior burglary convictions did not satisfy the ACCA because the underlying complaints provided only street addresses. *Id*. (citing Justice O'Connor's dissent in *Shepard* which recites one of the complaints as listing only a street address). The sentencing court refused to consider police reports that made clear that the addresses corresponded to buildings that were burglarized. *Id*. (citing *Shepard*, 544 U.S. at 32). The First Circuit reversed, but the Supreme Court vindicated the sentencing court and, in doing so, implicitly agreed that

street addresses alone did not demonstrate that the defendant had burglarized buildings. *Id.* (citing *Shepard*, 544 U.S. at 26, 31). Ultimately, Judge Kays could not conclude on the information alone that the defendant was, more likely than not, convicted of breaking into a non-vehicular dwelling. *See id.* at *5.

The court is persuaded by Judge Kays' decision and his reliance on *Shepard*. While the dissent in *Shepard* objected to the majority's refusal to consider additional evidence decisively showing that the defendant had in fact unlawfully entered a building, even the dissent agreed that the charging documents, standing alone, were not sufficient to permit an inference that the defendant had burglarized buildings. Unlike the situation in *Shepard*, the government here presents no additional evidence from which the court could infer that Mr. James burglarized a building as opposed to a vehicle sitting in the driveway at the street addresses identified in the amended complaint or an unattached trailer in the "trailer court" identified in the amended complaint. That amended complaint, which simply tracks the language of the statute, does not establish that Mr. James was convicted of generic burglary under Missouri law

*Conclusion*

Because the amended complaint does not demonstrate that Mr. James' three burglary convictions qualify as generic burglary or any other type of "violent felony," those convictions do not qualify as ACCA predicate convictions. *See Descamps*, 133 S. Ct. at 2283; 18 U.S.C. § 924(e). Without these convictions, Mr. James has not committed at least three qualifying ACCA felonies, which makes his "sentence . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Therefore, the court must grant the extraordinary relief offered by §

12

2255(b) and vacate Mr. James' sentence. See id. § 2255(b) ("If the court finds that . . . the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.").

Because it is not disputed by the government that, in the absence of the ACCA enhancement, Mr. James' advisory guidelines range was 12 months to 18 months, the court will resentence Mr. James to time served. All other provisions of the judgment dated October 7, 2007 shall remain in effect.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. James' motion to vacate, set aside or correct his sentence (doc. 98) is **granted and Mr. James' sentence is reduced to time served**. All other provisions of the judgment dated October 7, 2007 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge