IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                  Case No. 06-20172-JWL
                                                      15-9479-JWL

**Timothy Joe James,**

      **Defendant.**

## MEMORANDUM & ORDER

On April 6, 2016, the court issued an order granting Mr. James' motion to vacate, set aside or correct his sentence and reducing Mr. James' sentence to time served. Specifically, the court held that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. James' prior burglary convictions no longer qualify as violent felonies for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Shortly after the court issued its memorandum and order, the government filed a motion to reconsider. Thereafter, the parties agreed to suspend additional briefing on the motion to reconsider pending the Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Once that opinion was issued, the parties completed their briefing on the motion to reconsider, which is now ripe for resolution.

The government expressly concedes that, in light of *Mathis*, none of Mr. James' underlying state court burglary convictions qualify as violent felonies under the ACCA and that, to the extent the court reaches the merits of Mr. James' argument, he is entitled to the relief granted by the court in April 2016. But the government now argues (for the first time) that the court should not reach the merits of Mr. James' argument because he cannot demonstrate that

the court, at the time of Mr. James' initial sentencing, qualified any of his burglary convictions under the ACCA's residual clause, which is the only clause of the ACCA to which *Johnson* applies. Stated another way, the government contends that the court may have qualified Mr. James' prior convictions under the enumerated offenses clause, which was not implicated by *Johnson* (but which the government admits does not apply to Mr. James' underlying burglary convictions after *Mathis*), and that Mr. James is only entitled to relief if he can prove that the court actually relied on the residual clause in sentencing Mr. James (as opposed to the enumerated offenses clause).

As a threshold matter, the government has clearly waived this argument by not raising it in response to Mr. James' § 2255 petition or even in its motion to reconsider. Because the government raised this argument for the first time in a reply brief on its motion to reconsider, the court need not address it. *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (inappropriate to advance arguments in motion to reconsider that could have been raised in prior briefing). But even on the merits, the government's argument fails. The government is correct that the court did not expressly indicate whether it was qualifying Mr. James' prior convictions under the enumerated offenses clause or the residual clause of the ACCA. The government did not seek clarification of that issue at any time. In any event, the court was not required to indicate which specific clause applied to the convictions because, under the law at that time, Mr. James' prior convictions at a minimum qualified under the residual clause. *See Cravens v. United States*, 2016 WL 3129298, at *2 (W.D. Mo. June 2, 2016) (because Missouri second-degree burglary conviction was undisputedly a violent felony under residual clause, district

court had no need to explicitly state at sentencing which clause applied to conviction). And the court's failure to specify which clause applied to Mr. James' conviction does not preclude resentencing under *Johnson*. Just this week, the Tenth Circuit remanded a case for resentencing under *Johnson* (as applied to the Sentencing Guidelines) where the district court did not specify whether the defendant's convictions were crimes of violence because of the elements of the crime, or because of the residual clause. *See United States v. Little*, ___ F.3d ___, 2016 WL 3902581, at *6-7 (10th Cir. July 19, 2016). *Little*, then, seems to foreclose the government's argument. *See also Bush v. United States*, 2016 WL 3653953, at *2 (S.D. Fla. June 28, 2016) (referencing remand order from 11th Circuit requiring *Johnson* analysis where record was unclear as to whether the court relied on the enumerated offenses clause or residual clause; district court ultimately vacated sentence because underlying convictions did not qualify under enumerated offenses clause); *Cravens*, 2016 WL 3129298, at *2 (applying *Johnson* analysis when court had not previously clarified which clause was used to qualify convictions); *In re Adams*, ___ F.3d ___, 2016 WL 3269704, at *2 (11th Cir. June 15, 2016) (where it is unclear from record which clause of ACCA the district court employed in concluding that conviction qualified as predicate offense, *Johnson* analysis is required). The government directs the court to no cases suggesting the rule should be otherwise.

    For the foregoing reasons, the court rejects the government's sole argument for reconsideration of the court's April 6, 2016 memorandum and order granting Mr. James' motion to vacate.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to reconsider (doc. 113) is denied.

**IT IS SO ORDERED.**

Dated this 21st day of July, 2016, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge